UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS DRAWDY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NATIONWIDE INSURANCE COMPANY OF AMERICA,<br><br>Defendant. | No. 2:22-cv-00271-JAM-KJN<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

I. BACKGROUND

This action concerns the adequacy of the premium refund Nationwide Insurance Company of America ("Defendant" or "Nationwide") provided to California auto policyholders during the COVID-19 pandemic. See Compl., ECF No. 1. Thomas Drawdy ("Plaintiff"), one such policyholder, purchased Nationwide insurance for both his personal automobile and a recreational vehicle before the start of the pandemic and its associated government shutdown and stay-at-home orders. Id. ¶ 13. Due to the pandemic, Plaintiff "barely drove" either of his vehicles in 2020. Id. ¶ 15.

Nationwide provided its insureds, including Plaintiff, with a one-time refund of $50. Id. ¶ 16. Plaintiff received his $50 refund on May 7, 2020. Id. Plaintiff asserts this refund was "not sufficient to compensate him for the overpayment of premiums

1

due to the associated decrease in driving and risks stemming from the COVID-19 pandemic." Id. ¶ 17. In support of this assertion, he cites to various bulletins issued by the California Insurance Commissioner regarding premium refunds during the pandemic. Id. ¶¶ 20-25.

Plaintiff brings a single claim for violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*, on behalf of a class of California residents who purchased personal automobile, motorcycle, or RV insurance from Nationwide covering March 1, 2020, through March 1, 2021. Id. at 9-11. He claims Defendant's "retention of, and failure to refund, premiums" is "unfair because it allowed Nationwide to retain refunds that are not based on an accurate assessment of risks, and was an unfair and unreasonable application of approved rates." Id. ¶ 39.

Defendant moves to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). See Mot., ECF No. 8.[1] Plaintiff opposed the motion. See Opp'n, ECF No. 11. Defendant replied, see Reply, ECF No. 12, and filed a notice of supplemental authority, see Not., ECF No. 15.

II. OPINION

A. Request for Judicial Notice

Defendant requests the Court take judicial notice of seven exhibits: (1) the CDI Bulletin 2020-3 issued April 13, 2020; (2) the Nationwide Refund Letter to Thomas Drawdy; (3) the CDI

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for July 12, 2022.

2

1  Amended Bulletin 2020-8 issued December 3, 2020; (4) the
2  February 1, 2021 Nationwide Insurance Company of America COVID-
3  19 CA reporting form; (5) the CDI Bulletin 2021-03 issued on
4  March 11, 2021; (6) the CDI 2020 CA Property & Casualty Market
5  Share Report for Private Passenger Auto by Group Written
6  Premium; and (7) the March 16, 2022 Order in Rose v. GEICO
7  Casualty Co., Case No. 3:21-cv-00385-DPJ-FKB, 2022 WL 1438551
8  (S.D. Miss. Mar. 16, 2022).  Def.'s Req. for Judicial Notice
9  ("RJN"), ECF No. 8-2.  Plaintiff does not object to the request
10 as to Exhibits 1, 3, 5, and 7, but does object as to Exhibits 2,
11 4, and 6.  Opp'n at 13-14.  After careful consideration of the
12 parties' arguments, applicable caselaw, and the documents
13 themselves, the Court finds Exhibits 1, 3, 4, 5, 6, and 7 to be
14 proper subjects of judicial notice and thus grants Defendant's
15 request as to those documents.  See Lee v. City of Los Angeles,
16 250 F.3d 668, 689-690 (9th Cir. 2001).  However, the Court takes
17 judicial notice only of the existence of these documents and
18 declines to take judicial notice of their substance, including
19 any disputed or irrelevant facts within them.  Id. at 690.
20     With respect to Exhibit 2, Plaintiff argues it is a non-
21 public document with no evidence in the record confirming if it
22 was sent, when it was sent, whether Plaintiff received it, or
23 any other authenticating evidence.  Opp'n at 13.  Defendant
24 counters that this exhibit is a proper subject of judicial
25 notice because it is based on Plaintiff's own allegations that
26 (1) Nationwide provided a refund for March and April 2020, and
27 that (2) he received a refund from Defendant on May 7, 2020.
28 Reply at 2-3 (citing to Parrino v. FHP, Inc., 146 F.3d 699, 706

3

1  (9th Cir. 1998)).  However, Defendant fails to explain why
2  judicial notice is necessary when the Court already has
3  Plaintiff's allegations regarding Nationwide's refund before it.
4  See Compl. ¶ 16.  Indeed, Defendant states the Court "can" take
5  judicial notice, not that it "must."  Reply at 3 n.2.
6      The Court declines to take notice of this non-public
7  document which is unnecessary to the determination of this
8  motion.  Defendant's request is denied as to Exhibit 2.
9      Plaintiff asks the Court to take judicial notice of the
10 Insurance Commissioner's Brief filed in Rejoice!.  Pl.'s RJN,
11 ECF No. 11-1.  As this is a matter of public record and
12 therefore a proper subject of judicial notice, the Court grants
13 Plaintiff's request.  See Lee, 250 F.3d at 690.  Again, however,
14 the Court takes notice only of the existence of this document,
15 not of any disputed or irrelevant facts within.  Id.
16     B.   12(b)(1) Motion
17     A defendant may move to dismiss for lack of subject matter
18 jurisdiction pursuant to Federal Rule of Civil Procedure
19 12(b)(1).  Fed. R. Civ. P. 12(b)(1).  Faced with a Rule 12(b)(1)
20 motion, plaintiff bears the burden of proving the existence of
21 the court's subject matter jurisdiction.  Thompson v. McCombe,
22 99 F.3d 352, 353 (9th Cir. 1996).
23     Here, Defendant raises two arguments for dismissal under
24 Rule 12(b)(1).  Mot. at 10-14.  First, Defendant contends
25 Plaintiff's claim falls within the Insurance Commissioner's
26 exclusive jurisdiction over the setting of insurance rates.  Id.
27 at 10-13.  However, as Plaintiff points out, three California
28 district courts have rejected that argument and distinguished

4

the same California caselaw cited by Nationwide here.  Opp'n at 2-6 (citing to Day v. GEICO Casualty Company, Case No. 21-cv-02103-BLF, 2022 WL 179687 (N.D. Cal. Jan. 20, 2022); Rejoice! Coffee Co., LLC v. Hartford Fin. Serv. Group, Inc., Case No. 20-cv-06789-EMC, 2021 WL 5879118 (N.D. Cal. Dec. 9, 2021); and Boobuli's LLC v. State Farm Fire & Casualty Co., 562 F.Supp.3d 469 (N.D. Cal. 2021)).  The California Insurance Commissioner has also rejected Defendant's position.  Id. at 6-7.  In spite of this unanimous weight of authority against its position, Defendant asks the Court to find otherwise that these Northern District cases were "wrongly decided."  Mot. at 12.  Defendant directs the Court to four out-of-circuit decisions from Mississippi, Missouri, New York, and Nevada.  Id. at 11 (collecting cases).  But the Court agrees with Plaintiff that these decisions interpreting other state's insurance codes have no bearing on the present analysis of Plaintiff's UCL claim which is governed by California insurance law.  Opp'n at 5-6.  Moreover, the Court agrees with the detailed exclusive jurisdiction analysis in Day, Rejoice!, and Boobuli's.  See 2022 WL 179687, at *3-5; 2021 WL 5879118, at *3-7; 562 F.Supp.3d at 477-484 ("In sum, State Farm's exclusive jurisdiction argument fails because [plaintiff] is not seeking to challenge the rate itself, but the misapplication of the rate in light of changed circumstances given the COVID-19 pandemic.").  This Court too finds that Plaintiff's challenge is to the application of approved rates, not to the rates themselves, and therefore does not fall within the Insurance Commissioner's exclusive jurisdiction.  Defendant's argument for dismissal on exclusive

1  jurisdiction grounds thus fails.
2      However, Defendant's second argument - that the Court
3  should dismiss this case under the primary jurisdiction doctrine
4  - has merit.  Mot. at 13-14; Reply at 5.  "The primary
5  jurisdiction doctrine allows courts to stay proceedings or to
6  dismiss a complaint without prejudice pending the resolution of
7  an issue within the special competence of an administrative
8  agency."  Clark v. Time Warner Cable, 523 F.3d 1110, 1114 (9th
9  Cir. 2008); see also Syntek Semiconductor Co., Ltd. v. Microchip
10 Tech. Inc., 307 F.3d 775, 781 (9th Cir. 2002) ("[T]he doctrine
11 of primary jurisdiction is committed to the sound discretion of
12 the court when 'protection of the integrity of a regulatory
13 scheme dictates preliminary resort to the agency which
14 administers the scheme.'")  Courts consider whether application
15 of the doctrine "will enhance court decision-making and
16 efficiency by allowing the court to take advantage of
17 administrative expertise" and "whether application will help
18 assure uniform application of regulatory laws."  Chabner v.
19 United of Omaha Life Ins. Co., 225 F.3d 1042, 1051 (9th Cir.
20 2000).
21     As an initial matter, Plaintiff does not dispute the Court
22 has the authority to dismiss this action pursuant to the primary
23 jurisdiction doctrine.  See Opp'n at 7-8.  Rather the dispute is
24 over whether the Court should apply the doctrine.  Id.; see also
25 Reply at 5.  Defendant argues it should because it would be more
26 appropriate for the Insurance Commissioner, who has the relevant
27 technical expertise, to consider Plaintiff's claim.  Reply at 5.
28 The Court agrees.  Further, Plaintiff had the opportunity in

opposition to explain why the Court, as opposed to the Commissioner, should consider Plaintiff's claim yet failed to do so. See Opp'n at 7-8. Plaintiff generally contends the primary jurisdiction doctrine "does not require that all claims within an agency's purview be decided by the agency" nor "is it intended to secure expert advice for the courts from regulatory agencies every time a court is presented with an issue conceivably within the agency's ambit." Cohen v. ConAgra Brands, Inc., 16 F.4th 1283, 1291 (9th Cir. 2021) (internal citation and quotation marks omitted). This may be so, but Plaintiff does not explain why application of the doctrine here would not "enhance court decision-making and efficiency by allowing the court to take advantage of administrative expertise." Chabner, 225 F.3d at 1051.

Accordingly, the Court applies the primary jurisdiction doctrine and grants Defendant's motion to dismiss without prejudice. See Clark, 523 F.3d at 1114. Because the Court dismisses under the primary jurisdiction doctrine, the Court does not reach the parties' additional 12(b)(6) arguments. See Mot. at 6-10; see also Opp'n at 9-13.

III.   ORDER

For the reasons set forth above, the Court GRANTS Defendant's motion to dismiss.

IT IS SO ORDERED.

Dated: July 28, 2022

_____
JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE

7